### IN THE UNITED STATES COURT OF APPEALS
### FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| v. | ) | **No. 24-6144** |
| | ) | |
| **STATE OF OKLAHOMA,** *et al.,* | ) | |
| | ) | |
| **Defendants-Appellants.** | ) | |

### OKLAHOMA'S MOTION TO DISMISS THE APPEAL AND TO VACATE THE JUDGMENT OF THE DISTRICT COURT

Pursuant to Fed. R. App. P. 42(b)(2), the State of Oklahoma respectfully asks the Court to dismiss this appeal. The United States has voluntarily dismissed its complaint in the district court case from which this appeal is taken, and no live controversy remains before this Court. Because the parties agree that the case is now moot, Oklahoma also respectfully requests that this Court vacate the judgment of the district court. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40 (1950). In support, Oklahoma states the following:

1.      On March 17, 2025, the United States informed this Court that it had voluntarily dismissed its complaint in the underlying district court action (W.D. Okla. Case No. CIV-24-511-J) on March 14, 2025.[1] Dkt. 87; *see also* Doc. 50 (Notice of

---

[1] The United States' filing on March 17, 2025, submitted via letter of counsel, responded to this Court's March 13, 2025, Order directing the United States to provide a status report that would "(1) state the government's current position with respect to the issues pending on appeal; and (2) address how that change in position affects the course of

Voluntary Dismissal filed in district court); Fed. R. Civ. P. 41(a)(1)(A)(i) (providing that "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").

2.     Under Fed. R. Civ. P. 41(a)(1)(A)(i), "a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). The United States' voluntary dismissal terminated the action and dissolved the preliminary injunction from which Oklahoma has appealed in this case. *See United States v. Goldston*, 440 F. App'x 657, 660 (10th Cir. 2011) (unpublished) ("'Voluntary dismissal of a suit vitiates and annuls all prior proceedings and orders in the case ....'" (quoting *Oneida Indian Nation v. Oneida Cnty.*, 622 F.2d 624, 629 n.7 (2d Cir. 1980) (cleaned up)); *see also Ptasynski v. Kinder Morgan, G.P., Inc.*, 220 F. App'x 876, 878–79 (10th Cir. 2007) (unpublished) (notice of voluntary dismissal "left the parties as though no action had been brought" and "rendered the court's … order a nullity and without procedural effect").

3.     The district court's docket reflects that the case was closed as of March 14, 2025. Because no live controversy remains for this Court to review and adjudicate, both Oklahoma and the United States respectfully suggest that this appeal is moot.

---

further proceedings in this litigation." Order at 2, Dkt. 86. The Court also ordered Oklahoma to file a response. *Id.* Oklahoma submits this Motion to Dismiss Appeal and Vacate Judgment in conformance with the Court's March 13, 2025, directive.

4.      In its status report filed on March 17, 2025, the United States asked this Court to cancel oral argument and to dismiss this appeal. Dkt. 87. Oklahoma joins the United States' request to cancel the oral argument currently set in this matter on April 10, 2025, in Topeka, Kansas. In accordance with Fed. R. App. P. 42(b)(2), Oklahoma further requests that this Court dismiss its appeal.

5.      "Because the notice of voluntary dismissal annulled the orders of the district court and mooted the case, this appeal is moot." *Goldston*, 440 F. App'x at 660. For this reason, Oklahoma also respectfully asks the Court to vacate the judgment of the district court under the standard articulated by the Supreme Court in *Munsingwear*, 340 U.S. at 39–40.

6.      As a fundamental matter, federal courts have subject matter jurisdiction only over live "cases" or "controversies." U.S. CONST. art. III, § 2, cl. 1; *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1121 (10th Cir. 2010); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). When a case or controversy becomes moot pending appellate adjudication—as in this case—"[t]he established practice ... in the federal system ... is to reverse or vacate the judgment below and remand with a direction to dismiss." *Arizonans for Official English*, 520 U.S. at 71 (quoting *Munsingwear*, 340 U.S. at 39).

7.      Vacatur is the usual practice "when mootness results from unilateral action of the party who prevailed below." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,

513 U.S. 18, 25 (1994); *see also Wyoming v. Zinke*, 871 F.3d 1133, 1145 (10th Cir. 2017)

("When an appeal becomes moot, we generally vacate the district court's judgment

…."). Put similarly, the "standard practice in federal courts is to vacate judgments that

have become moot pending appeal, unless no motion to vacate is made." *Affiliated Ute*

*Citizens of State of Utah v. Ute Indian Tribe*, 22 F.3d 254, 256 (10th Cir. 1994). On the other

hand, vacatur is inappropriate only if the party seeking relief caused mootness by

"actions to intentionally evade review"—a situation not present here. *Wyoming*, 871 F.3d

at 1145; *see also Rio Grande Silvery Minnow*, 601 F.3d at 1129 ("if the party seeking vacatur

has caused mootness, generally we do not order vacatur").

       8.     This standard applies to final judgments and to interlocutory orders. *See*

*Wyoming v. U.S. Dep't of Interior*, 768 F. App'x 790, 794–95 (10th Cir. 2019) (unpublished)

(citing *Azar v. Garza*, 584 U.S. 726, 729 (2018) (per curiam)); *see also Rio Grande Silvery*

*Minnow*, 601 F.3d at 1132 (noting that this Court has "applied [*Munsingwear*'s] rationale

to vacate interlocutory decisions"). Preliminary injunctions, which are by nature entered

without a complete factual record or full argument, are properly vacated once mooted

if they have not been reviewed on appeal. *See Butler v. Rio Rancho Pub. Sch. Dist.*, 33 F.

App'x 982, 985 (10th Cir. 2002) (unpublished). This Court should follow the equitable

tradition of vacatur to prevent any potential harm from an order entered on a

compressed timeline that the Court lost jurisdiction to review.

       9.     In sum, "[v]acatur is an equitable remedy and the facts of the present

situation favor vacating the judgment of the district court." *Wyoming v. U.S. Dep't of*

*Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005). "One clear example where 'vacatur is in order' is 'when mootness occurs through the unilateral action of the party who prevailed in the lower court.'" *Azar*, 584 U.S. at 729 (quoting *Arizonans for Official English*, 520 U.S. at 71–72 (cleaned up)). And "because the party seeking appellate relief"—Oklahoma—"is not the party responsible for mooting the case, the orderly operation of the appellate system is not being frustrated." *Wyoming*, 414 F.3d at 1213. Presumably for these reasons, the United States does not oppose vacatur.

10.     Finally, Oklahoma notes—as did the United States in its March 17, 2025, filing—that a motions panel of this Court has provisionally granted leave to intervene in this appeal to private plaintiffs in a consolidated action, subject to reconsideration by the merits panel. Order at 2, Dkt. 40. Because the district court denied private plaintiffs' motion for a preliminary injunction in its June 28, 2024, order, *see* Doc. 40, their potential, provisional presence does not prevent *this* appeal—from a now-dissolved order—from becoming moot.

11.     The provisional participation of private plaintiffs as permissive intervenors in this appeal does not alter the United States' unilateral "absolute right," *Janssen*, 321 F.3d at 1000, to voluntarily dismiss its case "before the opposing party serves either an answer or a motion for summary judgment" under the plain language of Fed. R. Civ. P. 41(a)(1)(A)(i). *See also Fort Sill Apache Tribe v. United States*, No. CIV-08-0541-F, 2008 WL 2891654, at *1 n.1 (W.D. Okla. July 23, 2008) (pending motion by "proposed intervenor" in district court litigation does not preclude voluntary dismissal).

In any event, vacatur "clears the path for future relitigation of the issues" by eliminating a judgment that has been made "unreviewable because of mootness." *Munsingwear*, 340 U.S. at 40–41. By vacating the district court's judgment, "the rights of all parties are preserved; none is prejudiced by a decision which … was only preliminary." *Id.* at 40.

For the foregoing reasons, Oklahoma respectfully asks the Court to dismiss the appeal and to vacate the judgment of the district court.

Respectfully submitted,

s/ *Cullen D. Sweeney*

GARRY M. GASKINS, II
   *Solicitor General*
ZACH WEST
   *Director of Special Litigation*
CULLEN D. SWEENEY
   *Assistant Solicitor General*

OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Cullen.Sweeney@oag.ok.gov

*Counsel for Defendants-Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Docket Activity to the registered participants of the ECF system.

 s/ *Cullen D. Sweeney*