IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. THE STATE OF OKLAHOMA, et al., *Defendants*. | No. 24-06144 |

## PRIVATE PLAINTIFFS' MOTION TO REMAND CASE TO DISTRICT COURT FOR FURTHER PROCEEDINGS AS NECESSARY

Plaintiffs-Appellees Padres Unidos de Tulsa, Ximena Monserrat Lopez Mena, Jordy Madrigal Martinez, Antonio Marquez, and Rene Doroteo Hernandez ("Private Plaintiffs") submit this motion in response to the Court's March 13, 2025 Order, ECF No. 86.

In light of the Notice of Dismissal that the United States has filed with the district court in this case, No. 5:24-cv-511, ECF No. 50, Private Plaintiffs request that this Court cancel oral argument and remand the case to the district court for any further proceedings that may be necessary.

1

Private Plaintiffs disagree with the United States's and Oklahoma's position that the injunction in this case has already been "dissolved." ECF No. 87, at 2; ECF No. 88, ¶ 2. While a plaintiff typically can voluntarily dismiss a case before an answer has been filed, that is not true where another party has intervened as a plaintiff in the case. Neither the United States nor Oklahoma have offered any authority to the contrary. *Cf. Fort Sill Apache Tribe v. United States*, No. CIV-08-0541-F, 2008 WL 2891654, at *1 n.1 (W.D. Okla. July 23, 2008) (cited by Oklahoma) (finding voluntary dismissal permitted where motion to intervene is "*pending*" at the time the notice is filed but noting that "[a]n intervenor who has completed the process of entering the litigation is party to the action…") (emphasis added). Here, Private Plaintiffs' have been granted provisional intervention in the United States' case. ECF No. 40. This means that the United States is "not vested with the absolute right of dismissal." *Butler v. Denton*, 150 F.2d 687, 690 (10th Cir. 1945) (although no answer had been filed, district court had "reasonable discretion in the matter of dismissal" because intervenor had "tendered justiciable issues for determination").

Accordingly, Private Plaintiffs filed a notice with the district court on March 16, 2025, No. 5:24-cv-511, ECF No. 51, requesting that it preserve the status quo and keep the injunction in place while it determines how to proceed. Additionally, Private Plaintiffs intend to move expeditiously to renew their motion for

preliminary relief in their consolidated case, *Padres Unidos de Tulsa*, 5:24-cv-00526-R, and seek an expedited briefing schedule.

Private Plaintiffs recognize that the United States's decision may impact this case in various ways. In light of these developments, Private Plaintiffs submit that the most orderly path forward would be to remand the case to the district court to assess what (if any) effect the voluntary dismissal notice has on the litigation and preliminary injunction at issue here. Once the district court resolves those questions in the first instance, Oklahoma may again appeal if necessary. However, the Court should not vacate the preliminary injunction; doing so would severely disrupt the status quo before the district court has any opportunity to exercise its "reasonable discretion in the matter of dismissal," *Butler*, 150 F.2d at 690, and consider requests for relief in the consolidated case.

Finally, vacatur of the judgement of the district court is inappropriate at this stage because the appeal is not moot, for the reasons stated above. But even if it were, Private Plaintiffs oppose such relief. The underlying policy of *Munsingwear* is to remove judgments that have escaped appellate review by no fault of the parties. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950); *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994); *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 18 (2023) (Jackson, J., concurring) (*Munsingwear* vacatur "serves a specific, equitable function: to address any unjust

circumstances or unfairness that might stem from the inability to appeal a particular lower court decision, notwithstanding its presumptive validity."). Here, the interlocutory order under review will not escape appellate review. Private Plaintiffs intend to expeditiously pursue preliminary relief in the consolidated case below. Whatever the outcome of that litigation, it will almost certainly be brought before this Court for review. "Future relitigation" of the merits is therefore guaranteed and vacatur would not be necessary to ensure it. *Munsingwear*, 340 U.S. at 40.

Moreover, vacatur risks prejudice to a faultless party: the Private Plaintiffs. Indeed, the district court made determinations of law favorable to Private Plaintiffs after Oklahoma had full opportunity to respond to their arguments. *See* J.A. 86 (Defs. Combined Resp. in Opp'n). Vacatur would waste Private Plaintiffs' efforts and require costly relitigation of the merits, in spite of Private Plaintiffs' diligent participation in every stage of this case. Thus, given the unique procedural posture of this case, and the inherently equitable nature of vacatur as a remedy, Private Plaintiffs respectfully submit that vacatur of the district court's judgment is not appropriate here.

Dated: March 20, 2025

Elissa Stiles (OK Bar. No. 34030)
Rivas and Associates
P.O. Box 470348
Tulsa, OK 74147
T: (918) 419-0166
F: (918) 513-6724
*estiles@rivasassociates.com*

Nicholas Espíritu
Tanya Broder
National Immigration Law Center
3450 Wilshire Blvd., No. 108-62
Los Angeles, CA 90010
T: (213) 639-3900
F: (213) 639-3911
*espiritu@nilc.org*
*broder@nilc.org*

Megan Lambert (OK Bar. No. 33216)
Devraat Awasthi (OK Bar. No. 35544)
American Civil Liberties Union of
Oklahoma Foundation
P.O. Box 13327
Oklahoma City, OK 73113
T: (405) 525-3831
*mlambert@acluok.org*
*dawasthi@acluok.org*

Respectfully submitted,

*/s/ Noor Zafar*
Noor Zafar
Wafa Junaid
Omar Jadwat
American Civil Liberties Union
Foundation, Immigrants' Rights
Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
*nzafar@aclu.org*
*wjunaid@aclu.org*
*ojadwat@aclu.org*

Spencer Amdur
Oscar Sarabia Roman
Cody Wofsy
American Civil Liberties Union
Foundation, Immigrants' Rights
Project
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0770
*samdur@aclu.org*
*osarabia@aclu.org*
*cwofsy@aclu.org*


*Attorneys for Plaintiffs*

5

# CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2025, I electronically filed the foregoing with the Clerk of Court by using the District Court CM/ECF system. A true and correct copy of this document has been served via the Court's CM/ECF system on all counsel of record.

/s/ *Noor Zafar*
Noor Zafar
American Civil Liberties Union
Foundation, Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
*nzafar@aclu.org*

*Counsel for Plaintiffs*
